REGAN, Judge.
Plaintiffs, Emma Dee Dickerson and Roy E. Bell, instituted this suit against the defendants, John Neumeyer, the purported owner of the Surf side Lounge, Clyde Maise, the registered owner, and John P. Stassi, Inc., the realtor who obtained from plaintiffs an offer to purchase this business, endeavoring to recover the sum of $820, representing double the deposit made by plaintiffs at the time the agreement was signed. Plaintiffs alleged that the defendants were unable to deliver a merchantable title; therefore, they were liable for liquidated damages stipulated in the agreement to purchase. In the alternative, they prayed for the return of their deposit. In addition, they sought to recover $200 attorney’s fees on the main and alternative demands.
Defendants John Neumeyer and Clyde Maise were never served with a copy of the pleadings, because their whereabouts were unknown, and the trial of this matter proceeded with the defendant realtor only.
The defendant realtor, answered and denied that a merchantable title was not tendered to the plaintiff and asserted that it was entitled to a 7% commission on the purchase price of $4100, for which plaintiffs are liable due to the fact that they breached the contract in refusing to accept title. The amount of the commission claimed is $287.00.
From a judgment in favor of the plaintiffs ordering the defendant to return plaintiffs $410 deposit, the defendant has prosecuted this appeal.
The record reveals that on October 31, 1961, the plaintiffs agreed to purchase from John Neumeyer a cocktail lounge known as the Surfside Lounge, located in 3230 Chartres Street in the City of New Orleans. The parties to this written agreement recited that the consideration for the transfer would be the assumption of $3500 indebtedness purportedly due to Neumeyer’s creditors and $4100, $600 of which was to be paid in cash .at the passing of the act of sale.
The parties to the transfer did not conduct the sale under the Bulk Sales Act as they wished to transfer the business immediately; therefore, the act of sale was set for November 1, 1960. However, before the act was passed, a question arose as to the payment of closing costs, which prompted plaintiffs to consult an attorney for approval of the title before the transfer. They employed J. B. Kiefer, who advised them to postpone the sale until he could check the validity of the title.
Kiefer first learned that John Neumeyer, who signed the offer to sell in the vendor’s capacity, was not the registered owner of the business. Instead Clyde P. Maise was the record owner.
Next, he learned that there were two outstanding mortgages recorded against the equipment to be transferred, which were obligations that had not been disclosed to plaintiffs when they signed the agreement to purchase and which were not among the liabilities they had agreed to assume in the written offer.
*463 In addition, he discovered that the owner of the property in which the business was conducted was David Doll, who, on July 7, 1960, had executed a lease to Clyde P. Maise as operator of the Surfside Lounge. The lease, which was not to expire until July 1962, provided that Maise could not sublet the premises without the express consent of the owner.
Kiefer then pointed out to the realtor that not only would his clients be unauthorized to occupy the premises, but further that Neumeyer apparently had no right to operate this business.
Kiefer called these defects to the attention of the vendor on November 3, 1961, and he was assured that these defects would be remedied. The agreement to purchase provided that in the event curative work was necessary to make the title merchantable, then the vendor would be allowed thirty days to clear the title. This time expired on December 4, 1961.
On December 5,-1961, plaintiffs’ attorney did not receive satisfactory proof that Doll, the owner of the property, would execute a lease in plaintiffs’ favor which would permit him to operate the business he was purchasing. In addition, proof was never tendered that one of the outstanding mortgages which plaintiffs did not agree to assume had been cancelled by the production of the cancelled note.
Plaintiffs further assert that the vendors attempted to alter the terms of the agreement with respect to the cash consideration, but in view of the fact that there was no evidence produced to Kiefer that plaintiffs could obtain a lease, we think this in itself was sufficient justification far plaintiffs to refuse title since the matter was not clarified within the thirty days allowed by the agreement.
It is of no moment that the confusion as to the vendor’s ownership was satisfactorily explained since other defects existed.
Therefore, we are of the opinion that the trial court properly ordered the realtor to return plaintiffs’ deposit and refused to deduct from this amount the agent’s commission since a merchantable title was not tendered.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.